IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARAGON OFFICE SERVICES, LLC, et al., | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:11-CV-2205-D |
| VS. | § § | |
| UNITEDHEALTHCARE INSURANCE COMPANY, INC., et al., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In a prior memorandum opinion and order in this case, the court denied plaintiffs' motion to remand, concluding that the court had federal question removal jurisdiction under ERISA[1] because at least one of plaintiffs' claims (breach of implied contract) was completely preempted under ERISA. *See Paragon Office Servs., LLC v. UnitedHealthGroup, Inc.*, 2012 WL 1019953, at *1 (N.D. Tex. Mar. 27, 2012) (Fitzwater, C.J.) ("*Paragon I*"). Plaintiffs now move to sever and remand their state-law claims that are not ERISA-preempted. For the reasons explained, the court denies the motion.

I

Plaintiffs Paragon Office Services, LLC, Paragon Ambulatory Physician Services, LLC, Office Surgery Support Services, LLC, and Ambulatory Health Systems, LLC provide anesthesia services to obstetricians and gynecologists who perform in-office surgeries.

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

Plaintiffs seek payment for equipment used in rendering anesthesia services for persons insured by defendants UnitedHealthcare Insurance Co., Inc., United Healthcare of Texas, Inc., UnitedHealthcare Benefits of Texas, Inc., and Ingenix, Inc. (collectively, "United").[2] United contends that it properly denied plaintiffs' payment claims because the health insurance plans only required United to pay the equipment charges to the physicians as part of a global reimbursement for a procedure's complete cost. *See Paragon I*, 2012 WL 1019953, at *7.

Plaintiffs filed this lawsuit in state court, alleging that United improperly denied their claims for payment. They asserted state-law claims for breach of implied contract, violation of the Texas Insurance Code, fraud, theft of services, quantum meruit, and unjust enrichment, among other claims. United removed the suit to this court based on federal question jurisdiction, contending that plaintiffs were seeking payment under insurance plans covered by ERISA. Plaintiffs moved to remand, and the court denied the motion. *Id.* at *1. The court opted to exercise supplemental jurisdiction over plaintiffs' state-law claims regarding the non-ERISA plans. *See id.* at *9. The parties agree that all but 47 of plaintiffs' 1,245 claims for payment arise from ERISA plans.

Plaintiffs now move pursuant to Fed. R. Civ. P. 21 to sever and remand their claims relating to the non-ERISA plans.

---

[2]UnitedHealthGroup, Inc. has been dismissed by stipulation and is no longer a party.

## II

### A

Rule 21 provides that a "court may . . . sever any claim against a party."  As the movants, plaintiffs bear the burden in seeking severance under Rule 21.  *See, e.g.*, *Aspen Tech., Inc. v. Kunt*, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011).  "The trial court has broad discretion to sever issues to be tried before it."  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).  Courts consider the following factors in determining whether to sever claims under Rule 21:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (S.D.N.Y. 1999); *Aspen Tech*, 2011 WL 86556, at *2.  The court will consider each severance factor in turn.

### B

#### 1

The first factor—whether plaintiffs' causes of action arise out of the same transaction or occurrence—weighs against severance.  Although plaintiffs seek payment under both ERISA and non-ERISA plans, their claims arise out of a series of transactions that are similar

- 3 -

and logically related.[3]  Plaintiffs have not shown a distinction between the language of the ERISA plans versus the non-ERISA plans, and they concede that all of the payment disputes "involve[] similar parties and similar health care claims."  Ps. Reply Br. 3.

2

The second factor considers whether the claims present common questions of fact or law.  Plaintiffs concede that their claims present similar fact issues, but they argue that severance is warranted because the ERISA claims and the state-law claims have different legal standards.  As plaintiffs note, the state-law claims are governed by state-law burdens of proof; to prove their ERISA claims, plaintiffs must prove that the plan administrator's denial was "arbitrary and capricious."  *Dutka v. AIG Life Ins. Co.*, 573 F.3d 210, 212-13 (5th Cir. 2009).[4]  Plaintiffs maintain that severing the claims would prevent the possible confusion of dual legal standards.

Although the legal standards differ, there is no risk of confusion of legal standards. The ERISA claims will be tried to the court, which can certainly understand the legal

---

[3]*See Tex. Instruments Inc. v. Citigroup Global Mkts., Inc.*, 266 F.R.D. 143, 148 (N.D. Tex. 2010) (Fish, J.) (defining the "same transaction" prong as "governed by a logical-relationship test"); *see also Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926) (defining "transaction" as "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship").

[4]The "arbitrary and capricious" standard of review applies where the plan administrator has "discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the administrator lacks discretion then a *de novo* standard of review applies.  *See id.* Plaintiffs do not challenge that the appropriate standard here is "arbitrary and capricious."

- 4 -

standard that governs adjudication of ERISA claims.  The non-ERISA state-law claims will be presented to a jury that will be instructed under applicable state law, not under ERISA.

Moreover, one primary question of law underlies all of plaintiffs' claims: whether the health insurance plans required United to pay plaintiffs for the anesthesia equipment.  *See* Ps. Br. 2 ("[United] made arbitrary and inconsistent decisions about when, whether, and how much to pay Paragon for the anesthesia equipment.").  On this core question of law, plaintiffs point to no difference between the ERISA and non-ERISA plans.

3

The third factor evaluates whether settlement of the claims or judicial economy would be facilitated.  Plaintiffs contend that the lawsuit's non-ERISA portion should be severed now because that part of the case will eventually be tried to a jury.  Plaintiffs reason that because the ERISA claims will not be tried to a jury[5] and will be adjudicated based on a separate legal standard, it will serve judicial economy to sever the non-ERISA claims rather than maintain parallel litigation tracks within one lawsuit.  Plaintiffs also assert that discovery will differ and separate discovery disputes will arise because the state-law claims allow for more discovery than do the ERISA claims.[6]  Plaintiffs posit that severance will

---

[5]There is no right to jury trial for the ERISA claims.  *See MB Valuation Servs., Inc. v. Ins. Co. of N. Am.*, 1997 WL 642987, at *5 (N.D. Tex. Oct. 6, 1997) (Solis, J.) (citing *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994)).

[6]"With limited exceptions, this court's review of [a] decision in [an] ERISA case is restricted to consideration of the administrative record." *Griffin v. Raytheon Co. Long Term Disability Plan No. 558*, 2005 WL 4891214, at *2 (N.D. Tex. Aug. 31, 2005) (Fitzwater, J.) (footnote omitted) (citing *Vega v. Nat'l Life Ins. Servs., Inc*., 188 F.3d 287, 299 (5th Cir.

- 5 -

promote settlement by allowing an easier assessment of the separate claims.

Plaintiffs' asserted efficiency benefits from severance do not outweigh the inefficiency of conducting dual litigation. Litigating the case in one court will enable one court with a direct understanding of the relationship between the ERISA and non-ERISA claims to superintend discovery, decide pretrial motions, and schedule each track for final disposition. The parties will be at less risk of receiving from two courts rulings that are inconsistent, in tension, or even conflicting. It would be less efficient, if not inefficient, to split the case into two parallel litigation tracks before two courts. Moreover, settlement discussions will be conducted within the structure of one lawsuit rather than two, and under the directives of one court rather than two.

4

The fourth factor—whether prejudice would be avoided if a severance were granted—also weighs against severance. Plaintiffs offer little support for why denying a severance would be prejudicial. Plaintiffs will retain in this court their right to a jury trial for their state-law claims. *See Rholdon v. Bio-Med. Applications of La., Inc.*, 868 F. Supp. 179, 183 (E.D. La. 1994) ("[I]nclusion of the ERISA claim does not waive [the] right to a jury trial, if available, on [the] other claims."). And because a jury will only address the state-law claims, there is no material risk of jury confusion over the applicable legal standard. In contrast, granting a severance would promote prejudice by forcing dual litigation and the

_____

1999) (en banc)).

- 6 -

accompanying risk of inconsistent or conflicting rulings, as noted above.

5

The fifth factor—whether different witnesses and documentary proof are required for the separate claims—does not warrant a severance. Because the ERISA and non-ERISA claims arise out of a series of transactions that are similar and logically related, it is likely that the evidence will not substantially differ between the two categories of claims. And any differences in the witnesses and evidence will not confuse the jury because it will consider only non-ERISA claims based on evidence that is admissible for that purpose, and instructions on the law that relates to the state-law claims.

*   *   *

For the reasons explained, plaintiffs' motion to sever is denied. Because the court denies severance, plaintiffs' motion to remand the state-law claims is also denied.

**SO ORDERED.**

September 26, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE