IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PARAGON OFFICE SERVICES, LLC, et al., § § § Plaintiffs, § § Civil Action No. 3:11-CV-2205-D VS. § § UNITEDHEALTHCARE INSURANCE § COMPANY, INC., et al., § § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this lawsuit seeking payment for medical equipment services provided to defendants' insureds, plaintiffs bring claims under state law and ERISA.[1] Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the court grants the motion as to plaintiffs' federal-law claims but also grants plaintiffs leave to replead. The court declines to reach defendants' motion to the extent addressed to plaintiffs' state-law claims pending the filing of their second amended complaint.

I

The background facts and procedural history of this case are set out in prior opinions and need not be repeated at length. *See Paragon Office Servs., LLC v. UnitedHealthGroup, Inc.*, 2012 WL 1019953, at *1 (N.D. Tex. Mar. 27, 2012) (Fitzwater, C.J.) ("*Paragon I*"); *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co*, 2012 WL 4442368, at *1 (N.D.

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

Tex. Sept. 26, 2012) (Fitzwater, C.J.) ("*Paragon II*").  The court will limit its discussion of the background facts and procedural history to what is necessary to understand the present decision.

Plaintiffs Paragon Office Services, LLC, Paragon Ambulatory Physician Services, LLC, Office Surgery Support Services, LLC, and Ambulatory Health Systems, LLC provide anesthesia services to obstetricians and gynecologists who perform in-office surgeries. Plaintiffs seek payment for equipment used in rendering anesthesia services for persons insured by defendants UnitedHealthcare Insurance Co., Inc., UnitedHealthcare of Texas, Inc., UnitedHealthcare Benefits of Texas, Inc., and Ingenix, Inc. ("Ingenix") (collectively, "United," unless the court is referring to Ingenix individually).[2]

Plaintiffs filed this lawsuit in state court, alleging that United improperly denied their claims for payment.  United removed the suit to this court based on federal question jurisdiction, contending that plaintiffs were seeking payment under plans governed by ERISA.  The court denied plaintiffs' motion to remand, *see Paragon I*, 2012 WL 1019953 at *1, and it later denied their motion to sever and remand the state-law claims, *see Paragon II*, 2012 WL 4442368, at *1.[3]  The parties agree that all but 47 of plaintiffs' 1,245 claims for payment arise from ERISA plans.

Plaintiffs filed an amended complaint to allege both state-law and ERISA claims.

---

[2]UnitedHealthGroup, Inc. has been dismissed by stipulation and is no longer a party.

[3]The court opted to exercise supplemental jurisdiction over plaintiffs' state-law claims regarding the non-ERISA plans.  *See Paragon I*, 2012 WL 1019953, at *9.

Regarding the claims not covered by ERISA, plaintiffs assert state-law actions for, *inter alia*, breach of implied contract, violation of the Texas Insurance Code, fraud, theft of services, quantum meruit, and unjust enrichment. Regarding the claims governed by ERISA, plaintiffs sue under 29 U.S.C. § 1132(a)(1)(B) for payments allegedly owed under the terms of the plans. United moves to dismiss the state-law and ERISA claims, and it moves to dismiss Ingenix as a party to the lawsuit.

II

In deciding United's Rule 12(b)(6) motion, the court evaluates the sufficiency of plaintiffs' amended complaint by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted). To survive United's motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court first addresses plaintiffs' ERISA claims.

A

United moves to dismiss plaintiffs' claim for recovery of unpaid benefits under 29 U.S.C. § 1132(a)(1)(B).[4] United contends that plaintiffs' allegations fail to "'identify the specific provisions of the plan itself that were breached.'" Ds. Br. 26 (quoting *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.*, 2010 WL 716105, at *2-3 (E.D. Mo. Feb. 24, 2010)) (emphasis omitted). Plaintiffs respond that *Twombly* does not require that their complaint identify specific provisions of each ERISA plan that United breached. And

---

[4]Section 1132 provides:
    (a) A civil action may be brought—
        (1) by a participant or beneficiary—
           . . .
        (B) to recover benefits due to him under the terms of his plan, to
        enforce his rights under the terms of the plan, or to clarify his
        rights to future benefits under the terms of the plan[.]
§ 1132(a)(1)(B).

plaintiffs maintain that they have satisfied the applicable pleading standard because the complaint specifically alleges the existence of ERISA plans, and both sides know the claims for payment that are at issue.

B

"[B]enefits payable under an ERISA plan are limited to the benefits specified in the plan." *Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 497 (7th Cir. 1999). "A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Stewart v. Nat'l Educ. Ass'n*, 404 F.Supp.2d 122, 130 (D.D.C. 2005) (citing *Clair*, 190 F.3d at 499), *aff'd*, 471 F.3d 169 (D.C. Cir. 2006); *see also Midwest Special Surgery*, 2010 WL 716105, at *2-3; *Steelman v. Prudential Ins. Co. of Am.*, 2007 WL 1080656, at *7 (E.D. Cal. Apr. 4, 2007). The plaintiff must "provide the court with enough factual information to determine whether the [services] were indeed covered services under the plan." *Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, 2012 WL 762498, at *13 (D.N.J. Mar. 6, 2012). "Without information as to the terms and provisions of the plan documents, the complaint fails to state a claim upon which relief can be granted." *Id. Cf. In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F.Supp.2d 1002, 2011 WL 3555610, at *25 (C.D. Cal. Aug. 11, 2011) (rejecting defendants' assertion that plaintiffs had failed to identify specific plan term that conferred the benefit in question, because plaintiffs had sufficiently identified specific plan terms promising medical reimbursement benefits that were denied by defendants; and distinguishing, *inter alia*, *Midwest Special Surgery*).

Further underscoring the importance of identifying the specific provisions allegedly

breached is the fact that plaintiffs here must plead a facially plausible claim that United acted arbitrarily and capriciously in denying payment. *See Paragon II*, 2012 WL 4442368, at *2 n.4 ("Plaintiffs do not challenge that the appropriate standard here is 'arbitrary and capricious.'"); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (holding that "arbitrary and capricious" standard of review applies where administrator of ERISA plan has "discretionary authority to determine eligibility for benefits or to construe the terms of the plan"). Because, to recover, plaintiffs must show that the administrator acted arbitrarily and capriciously under the terms of the plan, it is necessary to state a plausible claim for relief that they at least identify the plan provisions on which they rely.

C

Plaintiffs' amended complaint lacks the specificity necessary to state a facially plausible claim under § 1132(a)(1)(B). Plaintiffs allege that around August 2009 United began to deny payment on some equipment claims "while arbitrarily paying others." Am. Compl. ¶ 14. The amended complaint relies on conclusory allegations that United arbitrarily violated the terms of the health care plans, but it does not identify any plan provisions that were allegedly violated. *See id.* at ¶¶ 15, 64, 67. The most detail that the amended complaint offers is that the disputed services would have been paid in full had they been provided in a hospital or surgical center, but because the equipment services were for surgeries in a physician's office, United arbitrarily denied payment. *See id.* at ¶ 15; *see also id.* at ¶ 31 (alleging that United improperly rejected plaintiffs' charges for equipment services despite covering the patient's surgical procedure and the anesthesiologist's professional services).

These allegations are insufficient because they merely assert that the services were covered, without identifying the plan provisions that entitle plaintiffs to payment. *See In re Managed Care Litig.*, 2009 WL 742678, at *3 (S.D. Fla. Mar. 20, 2009) (granting motion to dismiss § 1132(a)(1)(B) claim despite many alleged violations of plan because complaint did not identify relevant plan terms).

Accordingly, the court grants United's motion to dismiss plaintiffs' § 1132(a)(1)(B) claim for unpaid benefits due under the terms of the plans.

D

Plaintiffs also seek recovery for unpaid benefits under § 1132(a)(1)(B) on the grounds that United breached the ERISA plans by using flawed Ingenix databases to determine reimbursement amounts. Plaintiffs allege that United's "use of Ingenix Databases to determine the amount of reimbursement to [plaintiffs] was flawed and included false and fraudulent data." Am. Compl. ¶ 65. Plaintiffs aver that, based on the use of Ingenix databases, United arbitrarily underpaid or failed to pay for plaintiffs' services, in breach of the plan provisions. *See id.* United moves to dismiss this claim and seeks dismissal of Ingenix as a party to the lawsuit.

According to the amended complaint, United used the Ingenix databases both to underpay and to fail to pay for plaintiffs' services, in violation of § 1132(a)(1)(B). Regarding both underpayment and failure to pay, plaintiffs have failed to state a claim on which relief can be granted. Because plaintiffs rely on United's use of Ingenix databases as grounds for a § 1132(a)(1)(B) claim—and not for an independent claim—plaintiffs must

- 7 -

identify the plan terms that entitle them to payment under § 1132(a)(1)(B). *See supra* § III(B). Here, plaintiffs have failed to specify the plan terms that allegedly entitle them to payments that United underpaid or failed to pay.[5] The court therefore grants the motion to dismiss plaintiffs' claim regarding the use of the Ingenix databases.

The court will not reach defendants' motion to dismiss Ingenix as a party to the lawsuit because plaintiffs are being given an opportunity to replead their claim regarding the Ingenix databases.

IV

Plaintiffs allege that United violated certain ERISA procedural requirements, and they seek damages under § 1132(a)(1)(B).[6] The amended complaint asserts that United violated 29 U.S.C. § 1022 because the summary plan descriptions did not accurately describe what services the plan covered; and that United violated 29 U.S.C. § 1133 by failing to disclose the "true 'specific reasons'" for denying plaintiffs' claims for payment. Am. Compl. ¶ 66.

---

[5]Regarding plaintiffs' claim that United failed to pay the disputed equipment charges, the allegations of the amended complaint do not explain how this relates to United's use of the Ingenix databases. According to the amended complaint, United used the Ingenix databases "to determine the *amount* of reimbursement." Am. Compl. ¶ 65 (emphasis added). But the *amount* of reimbursement presents a different issue from refusing any reimbursement at all.

[6]The amended complaint also seeks "all damages resulting from [United's] violations of 29 U.S.C. § 1133(2)," Am. Compl. ¶ 66, but plaintiffs clarify in their response brief that they do "not seek damages under § 1133 itself," Ps. Br. 24. For the alleged procedural violations, plaintiffs only seek damages under § 1132(a)(1)(B). *See id.*

A

To recover a substantive damages remedy for violations of ERISA procedural requirements, plaintiffs must show that the violations "are continuous and amount to actual harm." *See Leake v. Kroger Tex., L.P.*, 2006 WL 2842024, at *5 (N.D. Tex. Sept. 28, 2006) (Fitzwater, J.) (citing *Hines v. Mass. Mut. Life Ins. Co.*, 43 F.3d 207, 211 (5th Cir. 1995)); *see also Lafleur v. La. Health Serv. & Indem. Co.*, 563 F.3d 148, 157 (5th Cir. 2009) ("Substantive damages would be permitted only 'when the violations are continuous and amount to substantive harm.'") (citation omitted); *Duncan v. Assisted Living Concepts, Inc.*, 2005 WL 331116, at *4 (N.D. Tex. Feb. 10, 2005) (Godbey, J.) ("Procedural violations of ERISA do not entitle the plan beneficiary to a substantive remedy unless the beneficiary can prove continuous violations resulting in some prejudice to the beneficiary.") (citation omitted).

B

The court need not address whether plaintiffs have sufficiently alleged violations of §§ 1022 and 1133, because they have failed to sufficiently allege actual harm from the procedural violations. The only harm plaintiffs identify is nonpayment or underpayment for equipment services. Because the only damages plaintiffs assert are for payments supposedly due under the terms of the plans, and plaintiffs have failed to state a claim for those payments by not sufficiently identifying the plan provisions that entitle plaintiffs to payment, plaintiffs have not adequately alleged that the procedural violations harmed them.

The court therefore dismisses plaintiffs' claims for alleged violations of §§ 1022 and

1133.

V

Although the court is dismissing plaintiffs' ERISA claims, it will permit them to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, the court grants them 30 days from the date this memorandum opinion and order is filed to file a second amended complaint.

VI

In light of the court's dismissal of plaintiffs' federal-law claims, the court declines to exercise supplemental jurisdiction at this time over the state-law claims. The court therefore declines to reach United's motion to the extent addressed to plaintiffs' state-law claims pending the filing of their second amended complaint.

\*   \*   \*

For the reasons explained, the court dismisses plaintiffs' ERISA claims, grants plaintiffs leave to file a second amended complaint, and declines to reach United's motion to the extent addressed to the dismissal of Ingenix or of plaintiffs' state-law claims, pending

the filing of their second amended complaint.

**SO ORDERED.**

November 20, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE