IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PARAGON OFFICE SERVICES, LLC, et al., § § § Plaintiffs, § § § Civil Action No. 3:11-CV-2205-D VS. § § UNITEDHEALTHCARE INSURANCE § COMPANY, INC., et al., § § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Paragon Office Services, LLC, Paragon Ambulatory Physician Services, PA, Office Surgery Support Services, LLC, and Ambulatory Health Systems, LLC move the court pursuant to Fed. R. Civ. P. 60(b)(1)-(3) and (6) to reconsider its decision in *Paragon Office Services, LLC v. UnitedHealthGroup, Inc.*, 2012 WL 1019953 (N.D. Tex. Mar. 27, 2012) (Fitzwater, C.J.) ("*Paragon I*"), denying their motion to remand. Concluding that plaintiffs have failed to show their entitlement to relief, the court denies the motion.

I

The background facts and procedural history of this case are set out in prior opinions and need not be repeated at length.[1] The court will instead recount the background facts and

---

[1]*See Paragon I*, 2012 WL 1019953, at *1; *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (Fitzwater, C.J.); *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2012 WL 5868249 (N.D. Tex. Nov. 20, 2012) (Fitzwater, C.J.).

procedural history that are pertinent to this decision.

Plaintiffs filed this lawsuit in state court, alleging that defendants UnitedHealthcare Insurance Co., Inc., UnitedHealthcare of Texas, Inc., UnitedHealthcare Benefits of Texas, Inc., and Ingenix, Inc. (collectively, "United") improperly denied their claims for payment. United removed the suit to this court based on federal-question jurisdiction, contending that plaintiffs were seeking payment under plans governed by ERISA.[2] The court denied plaintiffs' motion to remand, *see Paragon I*, 2012 WL 1019953, at *1, and it later denied their motion to sever and remand the state-law claims, *see Paragon Office Services, LLC v. UnitedHealthcare Insurance Co.*, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (Fitzwater, C.J.).[3]

Plaintiffs maintain that United has only recently "revealed the *real* reason why it refused to pay [plaintiffs], and that reason does not require interpretation of an ERISA plan." Ps. Mot. Reconsider 4. They posit that United denied their claims based on United's internal policies, "not any ERISA plan terms." *Id.* at 5. United responds that plaintiffs' evidence is "not new," Ds. Resp. 10, and that the company policies that plaintiffs cite are actually "incorporated into each of the [ERISA-governed] plans at issue," *id.* at 11.

―――――――――――――――

[2]Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

[3]The court opted to exercise supplemental jurisdiction over plaintiffs' state-law claims regarding the non-ERISA plans. *See Paragon I*, 2012 WL 1019953, at *9.

II

This court and others in this circuit have treated motions such as plaintiffs'—filed more than 30 days after the court's prior remand decision was entered or served—as motions seeking relief under Rule 60(b). *See, e.g., Tran v. Kaiser Found. Health Plan of Tex.,* 2001 WL 1082418, at *1 (N.D. Tex. Sept. 7, 2001) (Solis, J.) ("Because Plaintiffs' Motion to Reconsider was not filed until 30 days after entry of this Court's Order denying remand, the Court treats it as a motion under [Rule 60(b)]."); *Palmer v. Liberty Mut. Ins. Co.*, 2011 WL 284495, at *2 (S.D. Miss. Jan. 25, 2011) ("Since [plaintiff] filed the Second Motion to Remand over three months after the court entered the Order Denying Remand, [plaintiff's] only recourse is a motion for relief under [Rule 60(b)]."). Under Rule 60(b)(1)-(3), a district court can grant relief from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Under Rule 60(b)(6), the court can set aside a judgment for "any other reason that justifies relief."

"It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (citing *Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993), and the decisions of five other federal circuit courts); *see also Lepkowski v. U.S. Dep't of*

*Treasury*, 804 F.2d 1310, 1322 (D.C. Cir. 1986) (stating that movant must "demonstrat[e] . . . a good claim or defense in order to avoid needless protraction of the litigation"); *United States v. One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d 316, 320 (5th Cir. 1984) (affirming denial of Rule 60(b) motion because movant "failed to advance a meritorious defense"). If the movant cannot meet this burden, the Rule 60(b) motion will be denied.

III

A

Plaintiffs allege that they recently discovered new evidence showing that United denied their claims based on internal policies, not based on an ERISA-governed plan. Thus plaintiffs seek to show that United's denial of their claims were in fact "based on an *independent* relationship between [plaintiffs] and [United]." Ps. Mot. 8 (emphasis in original).

As the court noted in *Paragon I*, ERISA § 502(a)(1)(B) completely preempts beneficiary claims "if (1) the 'individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Paragon I*, 2012 WL 1019953, at *3 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). The court held that, "although plaintiffs frame their claim in terms of a breach of an implied contract claim, it is completely preempted if the right to payment nonetheless turns on the terms of an ERISA benefit plan and not an independent obligation." *Id.* at *7. And the court concluded that "the record show[ed] that the out-of-network plaintiffs [did] not have a provider agreement with United,

*and* these plaintiffs [were] seeking to recover plan benefits." *Id.* at *8.

Even accepting the allegations of plaintiffs' motion as true, plaintiffs have failed to establish that there is a basis for the court to revisit its determination in *Paragon I* that there was no independent obligation between the parties. That determination rested on the weight of all the evidence presented to the court, not merely on United's denial letters to plaintiffs.[4] Were the court to reconsider this determination excluding the denial letters as evidence, the court would come to the same conclusion.

Because plaintiffs' allegations do not undermine the court's previous determination based on the weight of all the evidence, the existence and derivation of United's internal policies do not support a different result. Whether the internal policies that plaintiffs cite interpret the terms of the ERISA-governed plan, or merely assist United in administering it, in order for plaintiffs to recover from United, they "must do so as assignees of United plan benefits, and they must establish a right to recover under the relevant ERISA plans." *Id.*; *cf. Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, 2006 WL 1663752, at *8 (S.D. Tex. June 13, 2006) (stating that claim in question ultimately "depend[ed] on, and

---

[4]The court noted in *Paragon I* that "United ha[d] introduced evidence that plaintiffs' right to coverage [was] dependent on the terms of the ERISA plans because the equipment charges were denied due to the 'terms of the Plans.'" *Paragon I*, 2012 WL 1019953, at *8 n.13. This evidence was not the only basis for the court's conclusion that plaintiffs' claims were based on ERISA-governed plans. The court also relied, *inter alia*, on the non-existence of an out-of-network provider agreement, plaintiffs' concerted effort to collect thousands of assignments of ERISA beneficiaries' claims, the provisions of the various ERISA plans themselves, explanation of benefits documents, and the correspondence between the parties. *See id.* at *4-8.

derive[d] from . . . ERISA Plan terms").

The court therefore holds that plaintiffs have failed to meet the precondition of showing that they have the functional equivalent of a meritorious "claim or defense" under Rule 60(b). *Lepkowski*, 804 F.2d at 1314. To the extent plaintiffs' motion is based on Rule 60(b), the motion is denied.

B

For the reasons stated in *Paragon I*, the court also holds that it has federal-question subject matter jurisdiction under ERISA. *See Paragon I*, 2012 WL 1019953 at \*4-9. To the extent plaintiffs' motion is not based on Rule 60(b), but rests on the court's duty "to examine [its] jurisdiction 'at every stage of the litigation,'" *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)), the motion is denied.

\*   \*   \*

Plaintiffs' motion to reconsider remand is denied.

**SO ORDERED.**

October 2, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE