IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PARAGON OFFICE SERVICES, LLC, et al., § § § Plaintiffs, § § § Civil Action No. 3:11-CV-2205-D VS. § § UNITEDHEALTHCARE INSURANCE § COMPANY, INC., et al., § § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Paragon Office Services, LLC, Paragon Ambulatory Physician Services, PA, Office Surgery Support Services, LLC, and Ambulatory Health Systems, LLC move for leave to file a third amended complaint ("amended complaint") against defendants UnitedHealthcare Insurance Co., Inc., UnitedHealthcare of Texas, Inc., UnitedHealthcare Benefits of Texas, Inc., and Ingenix, Inc. (collectively, "United"), and on the filing of the amended complaint, to remand the case to state court. For the reasons that follow, the court grants the motion for leave to amend but declines to remand the case, and it gives plaintiffs the option of not filing the amended complaint in light of this decision.

I

To decide the instant motion, the court need not recount the background facts and procedural history at length. As pertinent to this ruling, the court has repeatedly held that it has federal question subject matter jurisdiction under the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*[1] Plaintiffs "seek[] leave to file an amended Complaint to remove all doubt that [they do] not assert claims under ERISA." Ps. Mot. 2. Although plaintiffs assert the same claim for breach of implied contract that the court has held is completely preempted by ERISA, *see Paragon Office Services, LLC v. UnitedHealthGroup, Inc.*, 2012 WL 1019953, at *9 (N.D. Tex. Mar. 27, 2012) (Fitzwater, C.J.), they maintain that this claim is based on their "independent relationship with [United]—*not* any ERISA plan." Ps. Mot. 4. As support for their motion, plaintiffs cite their May 13, 2013 motion to reconsider remand, which the court has denied, and *Burnett v. Petroleum Geo-Services, Inc.*, 2013 WL 1723011 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.).

II

"It is settled that the grant of leave to amend the pleadings pursuant to [Fed. R. Civ. P.] 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court can

---

[1]*See Paragon Office Servs., LLC v. UnitedHealthGroup, Inc.*, 2012 WL 1019953, at *9 (N.D. Tex. Mar. 27, 2012) (Fitzwater, C.J.); *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (Fitzwater, C.J.); *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2013 WL 5477145, at *2-3 (N.D. Tex. Oct. 2, 2013) (Fitzwater, C.J.).

consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This court often permits plaintiffs to amend their pleadings to drop federal claims and secure a remand of a removed case, and it has done so in ERISA cases. *See, e.g., Burnett*, 2013 WL 1723011, at *1. The court discerns no reason to deny plaintiffs' motion to file an amended complaint for this purpose.

But the court disagrees that, under plaintiffs' amended complaint, all federal question claims have dropped out of the case. "Although [plaintiffs] attempt by their amended complaint to delete any basis for complete preemption, they cannot circumvent the preemptive reach of ERISA by artful pleading." *Roark v. Humana, Inc.*, 2001 WL 585874, at *1 (N.D. Tex. May 25, 2001) (Fitzwater, J.) (citing *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001)), *aff'd*, 307 F.3d 298 (5th Cir. 2002). "[A] federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law[.]" *Id.* at * 1 (quoting *Pryzbowski*, 245 F.3d at 274) (internal quotation marks omitted).

In their amended complaint, plaintiffs have removed all references to ERISA, but their breach of implied contract claim is still completely preempted. *See Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2013 WL 5477145, at *2-3 (N.D. Tex. Oct. 2, 2013) (Fitzwater, C.J.) (rejecting argument that new evidence showed claim was not preempted).

Although plaintiffs omit any reference to "agreements" between the parties, *cf.* Pet. ¶ 23, they aver as before that the implied contract was established through United's "course of dealing," Proposed 3d Am. Compl. ¶ 15. Plaintiffs have not advanced any arguments or pointed to any basis that convinces the court to reconsider its earlier conclusion that, "in order for plaintiffs to recover from United, they must do so as assignees of United plan benefits, and they must establish a right to recover under the relevant ERISA plans." *Paragon*, 2013 WL 5477145, at *2 (internal quotation marks omitted).

\*   \*   \*

Although the court grants plaintiffs' motion for leave to amend, it declines to remand the case. Given that plaintiffs' purpose for seeking leave to amend is to obtain a remand that the court declines to enter, the court gives plaintiffs the option of not filing the amended complaint. If they do amend, however, they must file their amended complaint within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

November 22, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE